UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER SCHRODER PALOMAREZ,<br><br>Plaintiff,<br><br>vs.<br><br>DARIN YOUNG, Warden; JOHN DOE, Unknown Special Security,<br><br>Defendants. | 4:16-CV-04156-KES<br><br><br>ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTIONS REQUESTING ORDERS, DENYING RULE 60 MOTION, AND DIRECTING SERVICE |

## INTRODUCTION

Plaintiff, Alexander Schroder Palomarez, is an inmate at the South Dakota State Penitentiary in Sioux Falls. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983, Docket 1, and now moves the court to order defendants to allow him to contact certain individuals outside of the prison and to grant him relief from a state court judgment. For the following reasons, the court denies Palomarez's motions and directs service of his complaint.

## FACTUAL BACKGROUND

In his complaint, Palomarez alleges that he has information concerning two Rapid City Police Officers who were killed. Docket 1 at 5. He alleges that he has tried to tell people this information through the mail, but the police and penitentiary do not want people to know what he has to say. *Id.* Six months into his sentence, he was taken to the special security office at the

South Dakota State Penitentiary and handcuffed to a chair. *Id.* at 4. There, a special security officer ripped up Palomarez's mail, including legal mail. *Id.* The officer told Palomarez that he would not get his mail until he stopped trying to tell people his "story." *Id.* When Palomarez asked the officer what his name was, he was rebuffed, being told "that's not important." *Id.*

Since this episode, Palomarez has had difficulties with his mail. *Id.* His envelopes have been brought back to his cell opened, with all of the contents missing. *Id.* He has tried different kinds of mail and postage, but nothing has worked. *Id.* at 5. He also alleges that his habeas claim is being interfered with as a result of the tampering with his mail. *Id.*

On November 7, 2016, Palomarez filed this complaint. He raised claims that defendants violated his right to access the courts, violated his rights to use the mail system, and retaliated against him for accessing the courts and sending mail. *Id.* at 4-5. He states that he did not appeal his claims to the highest level of the prison grievance system because defendants did not respond to his complaints and only retaliated against him further. *Id.* As relief, Palomarez requests the court to order defendants to stop interfering with his mail and access to the courts. *Id.* at 7.

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 1915A(b).

## DISCUSSION

I. **Screening Under § 1915A**

    A. **Palomarez's Failure to Fully Grieve Claims**

In his complaint, Palomarez states that he did not fully exhaust his claims through the prison grievance process because defendants did not answer his kites, he is retaliated against because of his grievances, and he has

3

tried to follow the "chain of command," but it did not "do [him] any good." Docket 1 at 4. The Eighth Circuit Court of Appeals has "excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures[.]" *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). "An inmate's subjective belief that the procedures were not applicable to medical grievances 'does not matter' and is not determinative." *Id.* (quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002)).

It is not clear from the complaint whether Palomarez satisfies this exception to the exhaustion requirement. Further, "the PLRA exhaustion requirement is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure. The burden is on 'the defendant asserting this affirmative defense'-not the plaintiff bringing a § 1983 claim-'to plead and prove it.' " *Stanko v. Patton*, 228 F. App'x 623, 626 (8th Cir. 2007) (quoting *Foulk v. Charrier*, 262 F.3d 687, 697 (8th Cir. 2001)). Therefore, for the purpose of screening under § 1915A, the court will proceed assuming Palomarez satisfies this exception to the exhaustion requirement.

      **B.**    **First Amendment Access to the Courts**

"The Constitution guarantees prisoners a right to access the courts." *White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). To show a violation of this right, Palomarez "must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury,

4

that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* at 680. Palomarez alleges that he has been prevented from filing a petition seeking habeas relief because defendants are refusing to send his mail and are destroying it. Docket 1 at 5. Therefore, Palomarez states a claim of denial of access to the courts.

Palomarez also alleges that defendants destroyed his legal mail. " '[T]he destruction or withholding of inmates' legal papers burdens a constitutional right, and can only be justified if it is reasonably related to a legitimate penological interest.' " *Cody v. Weber*, 256 F.3d 764, 768 (8th Cir. 2001) (quoting *Goff v. Nix*, 113 F.3d 887. 892 (8th Cir. 1997)). The Eighth Circuit has also found that a prisoner stated a claim under the First Amendment by alleging that defendants opened and inventoried his legal mail. *Foster v. Helling*, 210 F.3d 378 (8th Cir. 2000). Therefore, the court finds that Palomarez states a claim that defendants violated his First Amendment right to access the court by withholding and destroying his legal mail.

    **B.    Non-Legal Mail**

Palomarez claims that defendants violated his First Amendment right to send and receive mail. "While prisoners have a right to send and receive mail, prison officials have a legitimate interest in monitoring that mail for security reasons." *Ortiz v. Fort Dodge Corr. Facility*, 368 F.3d 1024, 1026 (8th Cir. 2004). The court uses the four factors in *Turner v. Safley*, 482 U.S. 78, 89 (1987), to determine whether the regulation withstands scrutiny:

> (1) whether there is a valid rational connection between the regulation and the legitimate government interest it purports to further; (2) whether the inmate has an alternative means of exercising his constitutional right; (3) the impact that accommodation of the inmate's right would have upon others, including inmates as well as non-inmates; and (4) the absence of a ready alternative to the regulation.

At this point, before the defendants have been served or responded, the court cannot make this determination. Palomarez, therefore, states a claim that prison officials violated his First Amendment rights by refusing to send his mail and destroying it.

### C. Retaliation

Palomarez claims that defendants retaliated against him for sending mail and filing grievances. To establish a retaliation claim, Palomarez must show "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Spencer v. Jackson Cty. Mo.*, 738 F.3d 907 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)).

Palomarez alleges that he tried to send mail and file grievances. As discussed above, sending mail is a protected activity. Filing prison grievances is protected First Amendment activity. *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (citing *Dixon v. Brown*, 38 F.3d 379, 379 (8th Cir. 1994)). Palomarez alleges that prison officials destroyed his mail in front of him, threatened to continue destroying his mail, and destroyed or withheld his

6

mail, sending empty envelopes back to his cell. The court finds that this would chill a person of ordinary firmness from continuing to send mail or file grievances. Finally, Palomarez alleges that defendants told him they destroyed his mail because he was attempting to send certain letters, and he alleges defendants are retaliating against him because he filed greivances. Therefore, Palomarez satisfies all three prongs in *Spencer* and states a claim of retaliation.

**D.     Defendants**

Palomarez alleges that Special Security Officer John Doe caused his injuries. In order for Palomarez's claims to survive, this defendant must be identified. In *Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985), the Eighth Circuit dealt with a similar issue. Munz named four defendants in an excessive force claim and alleged that a Doe defendant directly caused his injuries. *Id.* at 1257. Even though the named defendants were dismissed, the court held that rather than dismissing the claim against Doe, "the court should have ordered disclosure of Officer Doe's identity by other defendants named and served or permitted the plaintiff to identify the officer through discovery." *Id.* "Dismissal is proper only when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Id.* The rationale of *Munz* applies here. In his complaint, Palomarez provides as much detail to identify the John Doe Special Security Officer as Munz did. Therefore, Palomarez will be permitted to continue with his claims, so he can identify Doe in discovery.

7

## II. Motion to Appoint Counsel

Palomarez requests that the court appoint him counsel. Docket 1 at 7. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, the district court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claim. *Id.* At this point, Palomarez is able to present his claim. It is also too early in litigation to determine the other factors because defendants have not been served and have not responded. Therefore, Palomarez's motion to appoint counsel is denied.

## III. Motions Requesting Orders

Palomarez moves the court to order defendants to allow him to correspond with his family, Docket 10, and the DEA. Docket 13. Outside of ruling in his favor on the mail related claims discussed above, the court cannot order defendants to do this. At this point, Palomarez has merely stated a claim. Defendants have not responded. Therefore, his motions requesting orders are denied.

## IV. Motion for Relief from Order

Palomarez moves for relief from the South Dakota Supreme Court's order dismissing his motion for counsel and certificate of probable cause. Docket 22. This court has no jurisdiction over Palomarez's petition before the South Dakota Supreme Court. Therefore, his motion is denied.

Thus, it is ORDERED

1. Palomarez's claims survive screening under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

2. The Clerk shall send blank summons forms to Palomarez so he may cause the summons and complaint to be served upon the defendants.

3. The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon defendants as directed by Palomarez. All costs of service shall be advanced by the United States.

4. Defendants will serve and file an answer or responsive pleading to the remaining claims in the complaint on or before 21 days following the date of service.

5. Palomarez will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to defendants or their counsel.

6. Palomarez's Motion for Appointment of Counsel (Docket 1) is denied.

7.  Palomarez's Motion Requesting Order from Court to Allow Plaintiff to Correspond w/ Mother, Shirley Steele, and Grandmother, Angela Gallegos, via United States Mail (Docket 10) is denied.

8.  Palomarez's Motion Requesting Order (Docket 13) is denied.

9.  Palomarez's Rule 60 Motion (Docket 22) is denied.

10. Palomarez will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated December 15, 2016.

> BY THE COURT:
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE